IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHAD W. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-6019-SSA-CV-SJ-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant Chad Davis seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* He claims he became disabled beginning on August 12, 2003. The parties' briefs were fully submitted, and on November 4, 2008, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Plaintiff Chad Davis was born in 1974 and has a high school education. He lives with his wife and four children. He has previously worked as a packager, dishwasher, heavy equipment operator and forklift driver. He asserts he is disabled by a combination of physical

2

impairments, including scoliosis, kyphosus, and cerebral palsy which limit his activities and cause him pain. During his hearing, Davis also raised cognitive concerns that were not included on his initial application.

After reviewing the evidence, the Administrative Law Judge (ALJ) found plaintiff had the severe impairments of cerebral palsy, back pain secondary to kyphosus, and possible seizure disorder. She also found Davis had hand pain stemming from carpal tunnel syndrome, but it was not severe within the meaning of the Social Security Act. She then determined plaintiff had "the residual functional capacity to perform unskilled sedentary work with a sit/stand option and no more than occasional overhead work, with no exposure to hazards or fast moving machinery, and with frequent, but not constant, hand work." (TR at 14.) He could not return to his former work, but examples of jobs he could do were identified as credit authorizer, order clerk and document preparer.

Davis seeks review of the ALJ's findings and asserts the ALJ erred (1) by not finding his cognitive disorder to be severe, (2) by relying on a faulty residual functional capacity assessment that was not supported by the record, (3) by making an improper credibility assessment, and (4) by failing to consider the testimony of plaintiff's wife.

Impairments are severe if they significantly limit the physical or mental ability to perform basic work activities without regard to age, education or work experience. See 20 C.F.R. §§ 404.1520(c) and 416.920(c).

> The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." Examples include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co workers and usual work situations; and dealing with changes in a routine work setting.

Williams v. Sullivan, 960 F.2d 86, 88-89 (8th Cir. 1992) (internal citations omitted).

Plaintiff testified to short-term memory problems, and a neuropsychological evaluation completed in August 2006 revealed some cognitive impairments. Specifically, Dr. Reid-Arndt stated in a letter to plaintiff that, "You had specific weaknesses in multi-tasking, word finding, left-hand strength, and right-hand motor speed. Your memory for verbal information was

3

generally intact, though at times you had difficulties with retrieval. Reading, basic attention, and thinking speed were intact, and visual memory was a strength. Overall, these data reveal generally intact cognitive functioning, with the exception of some mild difficulties that are believed to be associated with your medical history." (TR at 144.) Recommendations included developing a written planner, minimizing distractions, focusing on the task at hand, and using lists and written instructions.

The overall evaluation, combined with the other medical evidence of record, do not suggest plaintiff would be more than minimally affected in his ability to understand, carry out, or remember simple instructions; to use judgment; to respond appropriately to supervision, coworkers and usual work situations or to deal with changes in a routine work setting.

Thus, the ALJ did not err in concluding plaintiff did not have a severe cognitive impairment.

Plaintiff next asserts the ALJ failed to properly consider his cognitive disorder, hand limitations, and sit and stand limitations when determining his residual functional capacity (RFC). The claimant, and not the Commissioner, has the burden of proving his or her residual functional capacity. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ's determination of residual functional capacity, however, must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

In reaching an RFC, the ALJ noted the factors to be considered, plaintiff's subjective complaints and the medical evidence which supported and detracted from plaintiff's claims. She incorporated certain restrictions into her determination and set forth her reasons for doing so. This court may not conduct a de novo review, and must affirm the ALJ's determination if there is substantial evidence in the record as a whole to support it. After reviewing the entire record, hearing the arguments, and considering the briefs, the court finds there is substantial

evidence in the record to support the ALJ's determination of plaintiff's residual functional capacity.

Davis next challenges the ALJ's credibility decisions. Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

In this case, there are numerous examples in the record of plaintiff's inconsistent statements, failure to obtain additional objective testing and failure to follow physician recommendations. The record indicates plaintiff told medical sources his pain was controlled with medication. He reported different reasons for leaving his last job and not taking another job that was offered. His statement of the difference in length of his left and right leg was clearly exaggerated. Plaintiff continued to drive, although he experienced spells, and he did not appear concerned about having a spell while driving. There was some suggestion indicating he did not have spells when concentrating and engaging in activities.

The court also notes the ALJ referenced plaintiff's wife's testimony and considered it in her evaluation and determination.

The ALJ addressed the factors set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). She then noted what she considered to be determinative inconsistencies in the record to support her conclusions. The administrative decision must be upheld if there is substantial evidence in the record as a whole to support the conclusion that plaintiff is not disabled. Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993); Baker v. Secretary of Health and Human Services, 955 F.2d 552, 554 (8th Cir. 1992).

The records submitted to the court indicate plaintiff has some impairments, and has had some of those impairments for a considerable period. Some of those conditions make certain

activities more difficult, and others cause plaintiff pain. The issue is not whether plaintiff was experiencing pain during the coverage period, but what plaintiff could do, how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

Here, there is substantial evidence to support the conclusion of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 1st day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6

Case 5:08-cv-06019-WAK   Document 17   Filed 12/01/08   Page 6 of 6